JAMES FLEMING v. THE MAYOR AND COMMON COUNCIL OF NEW BRUNSWICK.

The complaint avers that the defendant below retailed ale without a license to keep an inn and tavern, restaurant and victualing-house, with the privilege of retailing spirituous liquors. *Held*, that the complaint is fatally defective in failing to aver that the defendant had not license to sell ale, which is not a spirituous liquor.

On *certiorari*.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Alan H. Strong*.

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutor was convicted, before the recorder of the city of New Brunswick, of selling ale without a license. The complaint charges that the said Fleming, within said city of New Brunswick, unlawfully sold to one

Van Pelt certain spirituous and intoxicating liquors, to wit, ale, by less measure than one quart, without being then and there duly licensed according to law to keep an inn and tavern, restaurant or victualing-house, with the privilege of retailing spirituous liquors therein, the said ale not then and there having been compounded, and then intended to be used as a medicine.

By the city charter the common council of New Brunswick has the sole and exclusive power to grant licenses to keep inns and taverns and victualing-houses, with the privilege of retailing spirituous liquors within said city. A supplement to the city charter, passed in 1871, (*Pamph. L.*, *p.* 306,) authorizes the common council to grant licenses to persons to keep inns, taverns and restaurants, with the privilege of selling therein victuals, ales, beer, vinous, spirituous and other strong liquors or drinks.

By these laws the power to license to sell ale is limited to inns and taverns and restaurants or victualing-houses.

The allegation in the complaint is that Fleming sold spirituous and intoxicating liquor, to wit, ale. Spirituous and malt liquors have always been dealt with in this state as distinct subjects of legislation. Ale has never been classified with spirituous liquors. Proof that ale was sold does not justify a conviction for selling spirituous liquors, nor will the sale of spirituous liquor warrant a conviction on a complaint for selling ale. Conceding that the words descriptive of the kind of liquor alleged to have been sold are not so inconsistent and repugnant that they must be rejected, the proceedings below cannot be supported.

The evidence was that ale was sold, and not spirituous liquors. Therefore the case must fail unless it appears on the face of the complaint that ale was sold without lawful authority. The offence charged must be expressed with reasonable precision and fulness. If every allegation in the complaint may be admitted to be true and the defendant still may be innocent, the conviction must be set aside.

The charge, in the most favorable view for the city, is that

the defendant below sold ale without being duly licensed to keep an inn and tavern, restaurant or victualing-house, with the privilege of retailing spirituous liquors therein. The common council had power to license a restaurant or victualing-house with the privilege of selling ale and malt liquors, excluding the right to sell spirituous liquors.

There is nothing in the complaint to show that Fleming did not have license to sell ale. The averment is that he did not have license to sell spirituous liquors ; *non constat* that he did not have license to keep a restaurant with leave to sell ale.

The charge is that he sold malt liquor without a license to sell spirituous liquor. This, if true, constitutes *no offence* against the city ordinances. If he had license to keep a restaurant and to sell ale, it would still be true that he was not, as in the complaint alleged, duly licensed to keep an inn and tavern, restaurant or victualing-house, with the privilege of retailing spirituous liquors therein.

In this respect the complaint is fatally defective, and therefore the conviction must be set aside.